*Selecman, W. H. Hays, for appellant.*

*Kirk, for appellee.*

---

## J. Z. SHELTON *v.* R. A. MELTON.

**Estoppel—Disclaiming Interest in Land.**

A defendant in a 'suit for partition of land, who confesses that he has no right or title to the property, is estopped from afterwards setting up any adverse claim to any portion of the land embraced in the judgment, unless he or his vendees present such a state of case as will authorize a chancellor to vacate or modify it as provided by the Civil Code.

**Malicious Prosecution—Abuse of Process.**

There can be no abuse of process in dispossessing a party who has no right to the property in controversy, and whose rights have been litigated and settled by a judgment rendered in favor of the party at whose instance the writ of possession has been issued.

**Partition—Interest of Parties—Cross-petitions.**

In a suit for partition it is not required that each interested party, although some may be defendants, should file cross-pleadings and

have summonses issued in order to make the defect perfect by. delivery of possession.

APPEAL FROM WEBSTER CIRCUIT COURT.

February 20, 1873.

OPINION BY JUDGE PRYOR:

On the 18th day of May, 1870, Swift and wife instituted an action in equity against Berry's heirs and one Ragland for the division of a tract of land. It is alleged in the petition that Ragland is on the land "*without right or title thereto or any part thereof.*"

The summons was executed on Ragland on the 30th of May, 1870, and he having failed to answer, the petition was taken for confessed as against him, and a judgment for partition rendered on the 16th of November, 1870. A portion of the land as allotted to the unknown heirs of Berry, deceased, they being before the court by warning order, etc. After the partition was made three unknown heirs appeared in court by their agent, Shelton, and filed an answer ratifying the division made in pursuance of the judgment and asked for a writ of possession. This writ was awarded and Melton, the appellee, who had a tenant upon this particular farm allotted to these heirs, was dispossessed. Melton now claims that he purchased this land in March, 1871, of one Arnett, who purchased it of the defendant Ragland in November, 1870, and, relying upon his title thus acquired, applied to the court below by motion for a writ of restitution, alleging that he had been wrongfully dispossessed, and upon the hearing he was again restored to the possession, and of which the appellant now complains.

It seems that prior to the application for this writ of restitution the appellee had filed a petition in equity seeking relief from the effects of the judgment rendered in the case of *Swift v. Berry's Heirs* for partition. This petition was read upon the hearing of the motion by the appellee for a retention of the possession and discloses the fact that he is relying alone upon the title derived from Ragland and the want of title in Berry's heirs. Ragland being a party defendant to the original action and confessing that he had no right or title to the property, is now estopped from setting up any adverse claim to any portion of the land embraced by that judg-

ment, unless he or his vendees presents such a state of case as would authorize the chancellor to vacate or modify it as provided by the civil code. The sale from Ragland to Arnett, and from Arnett to the appellee, was made after the institution of the action for partition, and after the service of process on Ragland. If the latter had been dispossessed instead of his vendee, the chancellor would have made inquiry as to the reason of his failure to set up his title or claim to the land before the rendition of the judgment, and the only response that he could have made as appears from the petition of Melton was that Berry's heirs had no title, if this defense should have been relied on before judgment. Melton is a *lis pendens* purchaser and has no better right to be heard in this case than Ragland, and whether Berry's heirs have title or not is immaterial as far as the rights of these parties are to be ascertained from the record. There can be no abuse of process in dispossessing a party who has no right to the property in controversy, and whose rights have been litigated and determined by a judgment rendered in favor of a party at whose instance he is dispossessed. It is not pretended that Melton has any other claim than that derived from Ragland, and upon the latter's failure to answer the action brought by Swift we perceive no reason why the court, even prior to the confirmation of the report of division, could not, upon the motion of any of the parties jointly interested in this land, have removed him from the possession, in order that the division might have been made complete. It is not required in a suit for partition that each party interested, although some may be defendants, should file cross-pleadings and have summons executed in order to make the division perfect by a delivery of the possession. In such case they are all seeking the same relief, and the one is as much entitled as the other. The code, Sec. 546, etc., provides the manner in which partition of lands shall be had, and this proceeding is a substantial compliance with its provisions. The judgment depriving the appellant of possession is reversed and cause remanded with direction to return the possession to the heirs of Berry, and for further proceedings consistent herewith.

*Gevens, for appellant.*

*A. Edwards, for appellee.*